UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Anton EWING,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>DME CAPITAL, LLC,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:24-cv-0692-AGS-JLB<br><br>**ORDER GRANTING IN PART MOTION FOR DEFAULT JUDGMENT (ECF 6)** |
|---|---|

The Clerk entered default against defendant DME Capital, LLC. Plaintiff now moves to convert that default entry to a default judgment.

## BACKGROUND

Plaintiff Anton Ewing is the "owner and sole user of [a] personal, private residential cellular phone number." (ECF 1, at 3.) Since 2012, Ewing's number has been registered on the National Do Not Call Registry. (*Id*. at 20.)

Ewing claims that defendant DME called his cell phone 11 times from August 2022 to April 2024 and texted him twice in January 2024. (*Id*. at 18.) Ewing did not have a personal or business relationship with DME. (*Id*. at 14, 24.) In each of these calls, "Ewing heard a "very clear 'bubble popping' type sound followed by a rather long pause before the artificial-voice prerecorded message began to play on the call." (*Id*. at 14.) Then, Ewing "was required to hit '1' to be transferred to a live operator." (*Id*.) On one occasion, Ewing was connected to a DME representative, Mitchell Ekdeshman. (*Id*. at 9, 13.) Ekdeshman admitted that he used "computer software that stores and automatically dials the phone numbers without any input from him." (*Id*. at 19.) In addition, at the call's conclusion, Ekdeshman revealed that DME "does in fact record all of its solicitation calls." (*Id*. at 9.)

Based on these communications, Ewing sued DME under the federal Telephone Consumer Protection Act, the California Invasion of Privacy Act, and the California Consumer Legal Remedies Act. (*See generally* ECF 1.) He contends that DME's conduct violated: (1) TCPA's limitations on automatic telephone-dialing systems, 47 U.S.C.

§ 227(b)(1); (2) TCPA's restrictions on calls to phone numbers on the National Do Not Call Registry, *id.* § 227(c)(5); (3) CIPA's prohibitions on recording cellular phone calls without consent, Cal. Penal Code §§ 632.7, 637.2; and (4) the CLRA's prohibitions on disseminating unsolicited prerecorded messages, Cal. Civ. Code § 1770(a)(22)(A). (*See generally* ECF 1.) Ewing now moves for a default judgment for injunctive relief and $104,480.00. (ECF 6, at 5.) He also seeks to depose DME. (*Id.* at 7.)

## DISCUSSION

### A. Default Judgment

When a defendant fails to defend, the "court's decision whether to enter a default judgment is a discretionary one." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court's discretion is guided by several factors: (1) "the possibility of prejudice to the plaintiff," (2) "the merits of plaintiff's substantive claim," (3) "the sufficiency of the complaint," (4) "the sum of money at stake," (5) the "possibility of a dispute concerning material facts," (6) whether "excusable neglect" caused the default, and (7) the "strong policy" "favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). "Upon default," the well-pleaded "factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).

#### 1. *Prejudice to Plaintiff*

A plaintiff suffers prejudice if default judgment is denied, because the plaintiff then has no "other recourse for recovery." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *see also Collins v. Enver Solar Inc.*, No. SACV19-00146-JLS-KES, 2021 WL 4551174 (C.D. Cal. May 26, 2021) (finding that the plaintiff would "not be able to recover the statutory damages to which he is entitled"). Some of Ewing's claims are brought under federal and state laws that provide a statutory remedy. *See* 47 U.S.C. § 227(b)–(c); Cal. Penal Code § 637.2(c); Cal. Civ. Code § 1770(a)(22)(A). If his motion is denied, Ewing will lose this remedy. Thus, the prejudice factor weighs in favor of default judgment.

### 2. *Merits of the Claims and Sufficiency of the Complaint*

When no one defends against the claims, as here, the next two factors—"the substantive merits of the plaintiff's claim and the sufficiency of the plaintiff's complaint"—tend to dovetail and "are frequently analyzed together." *GS Holistic, LLC v. T. Trading LLC*, No. C23-0327JLR, 2024 WL 3759774, at *2 (W.D. Wash. Aug. 12, 2024). In this context, these factors favor a default judgment when the complaint's allegations are "sufficient to state a claim for relief." *Id*.

a. *TCPA Auto-Dialer Violations, 47 U.S.C. § 227(b)*

For the TCPA auto-dialer violation, a plaintiff must show: "(1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs.*, 707 F.3d 1036, 1043 (9th Cir. 2012). "A text message to a cellular telephone [also] . . . qualifies as a 'call'" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (discussing 47 U.S.C. § 227(b)(1)(A)(iii)). According to the complaint, defendant called Ewing's cell phone 11 times and texted it twice; DME agent Ekdeshman admitted to using an auto-dialer for telemarketing calls like the ones made to Ewing; Ewing heard a distinct bubble-popping sound at the beginning of the calls that is plausibly consistent with the use of auto-dialers; and Ewing did not provide prior consent to receive these calls. (ECF 1, at 4, 11, 14.) Ewing thus states an auto-dialer claim.

b. *TCPA "Do Not Call List" Violations, 47 U.S.C. § 227(c)*

To establish a TCPA violation regarding the Do Not Call list, Ewing must show that he received "more than one telephone call that violates regulations under the TCPA from the same entity [or person] within a twelve-month period." *Barton v. JMS Assoc. Mktg., LLC*, No. 21-35836, 2023 WL 2009925, at *2 (9th Cir. Feb. 15, 2023) (citing 47 U.S.C. § 227(c)(5)). The relevant regulation prohibits anyone from initiating "any telephone solicitation to" a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). In 2012, Ewing listed his phone number on that registry, and he uses the phone for personal and private

use. (ECF 1, at 12, 15.) Yet from 2022 to 2024 DME called Ewing's phone 11 times and texted him twice for solicitation purposes. (*Id.* at 18.) These allegations state a claim for contravening the Do Not Call list under the TCPA.

### c. *CIPA Call-Recording Claim, Cal. Penal Code § 632.7*

The elements of the CIPA call-recording claim are that: (1) defendant "recorded a telephone call with [plaintiff]," (2) "one of the parties to the recorded call was using a cell phone," and (3) "plaintiff did not consent to the recording." *NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw. Inc.*, No. 12-cv-1685-BAS-JLB, 2016 WL 4886933, at *3 (S.D. Cal. Sept. 15, 2016); *see* Cal. Penal Code § 632.7. According to the complaint, DME called Ewing's cell phone 11 times without consent. (ECF 1, at 19.) And on January 11, 2024, Ekdeshman allegedly conceded to Ewing that DME "does in fact record all of its solicitation calls." (*Id.* at 9.) So, Ewing states a CIPA claim as well.

### d. *CLRA Claim, Cal. Civil Code § 1770(a)(22)(A)*

California's Consumer Legal Remedies Act prohibits "[d]isseminating an unsolicited prerecorded message by telephone without an unrecorded, natural voice" first providing the recipient "the name of the caller or the organization being represented, and either the address or the telephone number of the caller." Cal. Civ. Code § 1770(a)(22)(A). CLRA further prohibits solicitation "without obtaining the consent of that person to listen to the prerecorded message." *Id.* These prohibitions only apply to calls "intended to result or that result[] in the sale or lease of goods and services to any consumer," and excludes certain calls and "message[s] disseminated to a customer" or made in the course of an established relationship. *Id.* § 1770(a)(22)(B).

Ewing alleges that DME called him 11 times from 2022 to 2024. (ECF 1, at 18). On each call, he was prompted by a prerecorded message "to hit '1' to be transferred to a live operator." (*Id.* at 14.) DME "is in the business of selling merchant cash advance services," and it sought through these communications "to get California residents to buy their loan programs." (*Id.* at 3, 16.) Ewing and DME did not have a "pre-existing business relationship" nor was Ewing its "customer or client." (*Id.*) Further, Ewing never gave

"consent or permission . . . to initiate each call to [him]." (*Id.* at 34.) Ewing states a claim under the CLRA.

Because Ewing "state[s] a claim on which [he] may recover" for all four causes of action, the second and third *Eitel* factors weigh in favor of default judgment. *See Ewing v. Senior Life Planning, LLC*, No. 19-cv-1005-BAS-LL, 2019 WL 4573703, at *3 (S.D. Cal. Sept. 18, 2019).

### 3. *Amount at Stake*

Default judgment is disfavored if the amount requested is "too large or unreasonable in light of defendant's actions." *Roylance v. ALG Real Est. Servs.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *12 (N.D. Cal. Mar. 16, 2015), *report and recommendation adopted as modified*, No. 14-CV-02445-BLF, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015). But when plaintiff's request is "consistent with the statutorily prescribed damages," the amount is "reasonable." *Trindade v. Reach Media Grp.*, No. 5:12-CV-04759-PSG, 2014 WL 3572132, at *4 (N.D. Cal. July 18, 2014). For three of his four causes of action (those under the TCPA and CIPA), Ewing requests only amounts expressly allowed by statute, so his prayer for damages as to those three claims is reasonable and favors default judgment. (*See* ECF 1, at 36–37.) For his fourth claim—under the CLRA, which specifies no statutory-damage amount—Ewing requests $2,500 per call "based on the harassment and civil stalking engaged in by [DME]." (*Id.* at 34.) The Court need not accept as true Ewing's allegations "relating to the amount of damages." *See Geddes*, 559 F.2d at 560. And no matter how annoying it may have been to receive those 11 calls, this figure would seem excessive and "unreasonable in light of defendant's actions." *See Roylance*, 2015 WL 1522244, at *12. But given that the rest of Ewing's claimed damages are statutorily prescribed, this factor on the whole weighs neutrally or slightly favors default judgment.

### 4. *Dispute of Material Facts*

At this point, there is no possibility of a dispute over the material facts, as no one has appeared to defend or offer a dispute. This factor weighs in favor of default judgment.

### 5. *Excusable Neglect*

The issue of excusable neglect "favors default judgment where the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012). Defendant was properly served on April 25, 2024, which supports a default judgment. (*See* ECF 3.)

### 6. *Public Policy*

Finally, the public-policy prong weighs against a default judgment and towards a decision on the merits. *See Hunter v. TBDC, LLC*, No. C-08-4158, 2009 WL 224958, at *3 (N.D. Cal. Jan. 29, 2009) (citing *Pena v. Seguros La Comercial, S.A*., 770 F.2d 811, 814 (9th Cir. 1985)).

In sum, at least five discretionary factors favor granting default judgment (and another one is neutral or slightly favors it), while the public-policy factor alone weighs against it. A default judgment is proper.

## B. Remedies

### 1. *Damages*

Ewing asks for: (1) $1,500 for each communication for willfully violating TCPA's restrictions on automatic telephone dialing systems, 47 U.S.C. § 227(b)(1)(A), (b)(3); (2) $1,500 for each communication for willfully violating TCPA's restrictions on multiple calls to a phone on the National Do Not Call Registry, *id.* § (c)(5); (3) $5,000 for each phone call for violating CIPA's prohibition on intentionally recording cellular phone calls without consent, Cal. Penal Code §§ 632.7, 637.2(a)(1); and (4) $2,500 for each call for violating the CLRA prohibition of unsolicited prerecorded messages, Cal. Civ. Code § 1770(a)(22)(A). (ECF 1, at 29, 33–34.) The TCPA allows "separate recoveries" for both auto-dialer and Do Not Call Registry offenses, "even if the violations occurred in the same telephone call." *See Senior Life Planning*, 2019 WL 4573703, at *6.

      a. *Auto-Dialer*

The statutory-damage amount for each TCPA auto-dialer transgression is generally $500. *See* 47 U.S.C. § 227(b)(3)(B). But if "the defendant willfully or knowingly violated" the regulations, the Court "may, in its discretion," treble statutory damages to $1,500 per auto-dialed call. *Id.* § 227(b)(3). Courts typically "exercise[] their discretion to award treble damages" when either "the defendant had a prior judgment against it for violating the TCPA" or "statutory damages were trivial." *Ewing v. CSOLAR*, No. 22-cv-0720-WQH-JLB, 2022 WL 4449326, at *5 (S.D. Cal. Sept. 22, 2022) (declining treble damages when there was "no allegation that Defendant had a prior judgment against it for violating the TCPA"); *see Senior Life Planning*, 2019 WL 4573703, at *7 (denying treble damages when it was unclear if a prior TCPA lawsuit "was filed before the [current case's] telephone calls" and there was no other support for plaintiff's "allegation that Defendant has been repeatedly sued for a violation of the TCPA").

Ewing provides no evidence of, nor does he allege, any prior TCPA judgments against DME. The Court believes the standard statutory damages will sufficiently deter future TCPA transgressions. Thus, the Court declines Ewing's request for treble damages and awards $500 per auto-dialer violation. For the thirteen communications—11 calls and two text messages—Ewing is entitled to $6,500.

      b. *National Do Not Call Registry*

The damages analysis is similar for the National Do Not Call Registry misdeeds. Under the TCPA, statutory damages for each violation are $500, which courts may treble to $1,500 when the defendant acts "willfully or knowingly." 47 U.S.C. § 227(c)(5). For the same reasons discussed above, the Court denies treble damages and imposes $500 per breach of the Do Not Call Registry provision, that is, an additional $6,500.

      c. *Phone Recordings Without Consent*

Under CIPA, "statutory damages [of $5,000] are available for each" nonconsensually recorded phone call. *McCabe v. InterContinental Hotels Grp. Res.*, No. 12-CV-04818 NC, 2012 WL 13060326, at *6 (N.D. Cal. Dec. 18, 2012); *see also* Cal.

Penal Code § 637.2(a). For the 11 alleged recorded phone calls, Ewing's CIPA statutory damages amount to $55,000.

In total, the statutory damages for all TCPA and CIPA violations are $68,000.

d. *Unsolicited Prerecorded Phone Calls in the Absence of a Business Relationship*

Although Ewing provided evidence that DME violated the CLRA by using a prerecorded, artificial voice on each telephone call, he failed to provide express evidence of damages resulting from DME's 11 documented violations. *See* Cal. Civ. Code § 1780(a)(1) (providing for the recovery of actual damages, not statutory damages); *CSOLAR*, 2022 WL 4449326, at *5. Therefore, Ewing has not demonstrated that he is entitled to damages on his CLRA claim.[1]

## 2. *Costs*

Ewing is entitled to the $480 in costs that he requests—$405 for filing fees and $75 for service-of-process fees. *See Ellis v. Energy Enter. USA*, No. 17-cv-00497-VKD, 2018 WL 6816112, at *7 (N.D. Cal. Nov. 20, 2018) (awarding costs for "filing fees" and "service of process" under 28 U.S.C. § 1920); (*see also* ECF 6, at 5; ECF 1-3 at 1).

## 3. *Injunctive Relief*

Finally, the Court denies Ewing's requests for injunctive relief. (*See* ECF 6 at 5, 7, 16–17.) A "plaintiff is not automatically entitled to an injunction simply because it proves its affirmative claims." *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *Pyrodyne Corp. v. Pyrotronics Corp.*, 847 F.2d 1398, 1402 (9th Cir. 1988)). Rather, plaintiffs seeking injunctions "must satisfy a four-factor test," demonstrating, among other things, that they have "suffered an irreparable injury" and that "monetary damages[] are inadequate to

---

[1] Ewing further requests "permission to depose DME [] for one hour only." (ECF 6, at 7.) That motion is denied. Ewing has not explained how "the discovery sought . . . is reasonably calculated to lead to evidence in support of [his] motion for default judgment [or] request for damages," *see Twitch Interactive, Inc. v. Johnston*, No. 16-CV-03404-BLF, 2017 WL 1133520, at *3 (N.D. Cal. Mar. 27, 2017), nor "how he expects to get Defendant [who failed to defend the action] to respond to discovery requests," *see Senior Life Planning*, 2019 WL 4573703, at *6 n.1.

compensate for that injury." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Ewing has not shown any irreparable injury that must be remedied with an injunction, nor that monetary damages are inadequate to make him whole. (*See generally* ECF 1; ECF 6.)

## CONCLUSION

Plaintiff's motion for default judgment is **GRANTED IN PART** as set forth above, and his request for additional discovery is **DENIED**. The Clerk will enter judgment in plaintiff's favor and against DME Capital, LLC for $68,480, including $68,000 in damages and $480 in costs. The Clerk is directed to close this case.

Dated:  December 4, 2024

Hon. Andrew G. Schopler
United States District Judge