UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Anton EWING, | Case No.: 24-cv-0692-AGS-JLB |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AND DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT (ECF 9)** |
| v. | |
| DME CAPITAL, LLC, | |
| Defendant. | |

Plaintiff Anton Ewing sued defendant DME Capital, LLC, for violating the Telephone Consumer Protection Act and other statutes, alleging that DME repeatedly contacted Ewing without permission. DME never responded, the Clerk entered default, and this Court granted default judgment against DME. DME now moves to set aside the default judgment and dismiss the complaint.

**DISCUSSION**

**A.    Motion to Set Aside Default Judgment**

"[D]efault judgments are ordinarily disfavored" since "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). To that end, the "court may relieve a party . . . from a final judgment" for "mistake, inadvertence, surprise, or excusable neglect," so long as the moving party requested it within "a year" of the default judgment. Fed. R. Civ. P. 60(b)(1). DME filed this motion well within the one-year deadline (*see* ECF 8; ECF 9), and it asserts that there is "good cause" to set aside the default judgment because of its "excusable neglect." (ECF 9, at 8.)

When "a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court" weighs three factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Brandt v. American Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011). If "any one of these factors" favors the nonmoving party, then there is

"sufficient reason for the district court to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[T]he party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001). All factors weigh in DME's favor.

    First, there is no indication of any prejudice to Ewing. "The standard" for prejudice "is whether [plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). And "the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Grp.*, 244 F.3d at 701. "[M]erely being forced to litigate on the merits" or "incurring costs in litigating the default" "cannot be considered prejudicial for the purposes of lifting default judgment." *Id*. Ewing has not identified any potential "harm," and there appears to be nothing "greater" than the potential for delayed case resolution, merits litigation, and additional litigation cost here. *See id.* So this factor weighs in favor of setting aside the default judgment.

    Turning to the next factor, "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015). This "burden . . . is not extraordinarily heavy." *TCI Grp.*, 244 F.3d at 700. DME's proffered merits defense is that the complaint is "factually erroneous" and does not meet the required elements of a Telephone Consumer Protection Act claim. (ECF 9, at 16–17.)

    "The three elements of a TCPA claim are: (1) the defendant called a cellular telephone number; (2) using an automatic telephone dialing system; (3) without the recipient's prior express consent." *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (citing 47 U.S.C. § 227(a)(1)). DME contends that the calls either "did not come from any person or entity associated . . . with DME" or that it had "consent" for any call it did place. (ECF 9, at 16.) If true, these defenses "would defeat one element of the TCPA claim," *see Aussieker v. Lee*, No. 2:19-cv-00365-JAM-CKD PS, 2021

2

WL 352438, at *4 (E.D. Cal. Feb. 2, 2021), so this factor also weighs in favor of reversing the default and proceeding to the merits.

Finally, the defense's conduct is insufficiently "culpable," as the Ninth Circuit defines that term in this context. A defendant's conduct is "culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Grp.*, 244 F.3d at 697 (quotations omitted). At first blush, it might seem that "a litigant who receives a pleading, reads and understands it, and takes no steps to meet the deadline for filing a responsive pleading"—as DME did here—"acted intentionally in failing to answer," and is thus "culpable." *See id.* But "culpability" involves "not simply nonappearance following receipt of notice of the action, but rather conduct which hindered judicial proceedings." *Id.* at 698.

DME's actions fall short of that blameworthy threshold. DME is a "small brokerage firm[] with no legal department" that "has never been a party to a TCPA lawsuit or otherwise been sued in federal court." (ECF 9, at 3, 15; ECF 9-3, at 2–3.) It erroneously "believed that it was not obligated to respond" to what it deemed a "confusing, factually[ ]inaccurate and legally[ ]baseless summons," and thus failed to timely act on this lawsuit. (*See* ECF 9, at 15.) Once DME understood that it must respond—that is, after the default judgment—DME "promptly retained legal counsel and filed this motion." (*Id.*)

DME's conduct was unwise—one should not sit idly when served with a court-issued summons—but the conduct was "not necessarily" culpable. *See TCI Grp.*, 244 F.3d at 697–98. There is no evidence to suggest, for example, that DME engaged in "frequent chats with [its] lawyers during the period for answer[] and filed false affidavits claiming [it] had not been served." *See id.* at 698 (citing *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999)). Nor did DME's ignorance involve service upon "a lawyer" who was "presumably . . . well aware of the dangers of ignoring service of process." *Id.* (quoting *Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 690 (9th Cir. 1988)). So, it appears that DME had no "intention to take

advantage of the opposing party" nor to "interfere with judicial decisionmaking," and it thus has not acted "culpabl[y]." *See id.* at 697.

There is good cause to set aside the default judgment.

**B.     Motion to Dismiss**

DME also moves to dismiss the case entirely because, it argues, this Court "lacked personal jurisdiction over DME" when it granted the default judgment against it on account of a "defective" summons and service. (ECF 9, at 7–8.) Specifically, it asserts that (1) the summons "was improperly modified by Plaintiff," and (2) the "listed . . . address" is not DME's and thus the summons "was not directed to DME." (*Id.* at 8–9.) And, proper "service of process" of the summons "is an indispensable prerequisite to the court's jurisdiction to proceed." *Beecher v. Wallace*, 381 F.2d 372, 373 (9th Cir. 1967). Under the Federal Rules, moreover, a "properly completed" summons must be "directed to the defendant." Fed. R. Civ. P. 4(a)(1)(B) & (b). The summons here met those requirements, though, so DME's arguments fail.

   **1.   *Handwriting on the Summons***

DME first argues that a summons is only "properly completed" if the "Clerk of Court" issues it with the defendant's "name and address." (ECF 9, at 12.) So, DME claims, the fact that Ewing "handwrote" DME's name and an address on the summons renders it "invalid as a matter of law." (*Id.* at 12–13.) Not so.

True, if a plaintiff presents a "properly completed" summons, the "clerk must sign, seal, and issue it to the plaintiff for service on the defendant." Fed. R. Civ. P. 4(b). But the rule does not discuss whether this process can be completed in a different order. For unrepresented litigants in this district, the Clerk of Court leaves a blank space for the pro se plaintiff to fill in the defendant's address—as occurred here. (*See* ECF 9-4, at 2.) And those litigants may "type[], print[] by hand, or writ[e]" other parts of their pleadings. *See Southern District of California Pro Se Complaint Packet*, at 1 (2025). DME provides no authority suggesting that this procedure is improper, and the authorities that it relies on for support are distinguishable.

4

In DME's preferred cases, the plaintiff altered the name that the Clerk had previously printed and issued on the summons. *See Pathak v. Exotic Meat Mkt., Inc.*, No. 2:16-cv-00368-JAD-VCF, 2016 WL 3219869, at *1 (D. Nev. June 6, 2016) (holding that there was no "legal service of process" because "the summons was improperly altered" with the original defendant's name "crossed out" and another name handwritten underneath in its place); *Graham v. CNN Inc.*, No. 2:21-cv-07417-MCS-AGR, 2021 U.S. Dist. LEXIS 249927, at *2–3 (C.D. Cal. Dec. 30, 2021) (ruling that defendant was not "served properly" because plaintiff "altered the summons originally issued by the Clerk" by changing "the party to whom the summons was issued"). By contrast, plaintiff here complied with the local rules in completing the summons and didn't change any preprinted information provided by the Clerk. In other words, DME relies on authorities in which the plaintiff defied the Clerk's issuing intent, but here plaintiff honored the Clerk's intent.

Put simply, the summons was valid even though Ewing handwrote DME's information into the blank space that the Clerk of Court left on the form for that purpose. There is nothing in the Federal Rules nor the caselaw suggesting that the Southern District's local policy allowing for this procedure is unlawful.

### 2. *Improper Address*

DME next contends that the summons "listed an address not associated with DME" and thus was not "directed to" DME, as Rule 4 requires. (ECF 9, at 12); *see* Fed. R. Civ. P. 4(a)(1)(B) (mandating that a summons "be directed to the defendant"). But "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists*, 840 F.2d at 688. And DME admits that the "address" "on the summons" belongs to DME's "registered agent," which "transmitted the service of process," including a "copy of the Summons and Complaint," to DME's "Senior Finance Specialist." (ECF 9, at 9; ECF 9-3, at 2–3.) So DME received sufficient "notice of the complaint" for the service here to satisfy this "liberally construed" rule. *See Direct Mail Specialists*, 840 F.2d at 688; *see also* Fed. R. Civ. P. 4(h)(1)(B)

(permitting a party to serve a "corporation," "partnership," or "other unincorporated association" "by delivering a copy of the summons and of the complaint to a[n] . . . agent").

DME's dismissal arguments fail.

## CONCLUSION

Thus, DME's motion to set aside the default judgment for good cause is **GRANTED**, and its motion to dismiss for improper service is **DENIED**. DME's related motion for Rule 11 sanctions for improper service is also denied. The judicial-notice request involved material unnecessary for the Court's decision (*see* ECF 9-5), so that request is denied as moot.

Dated: July 11, 2025

_____
Hon. Andrew G. Schopler
United States District Judge